[Crim. No. 2277.   Third Dist.   Oct. 5, 1951.]

THE PEOPLE, Respondent, v. HERMAN SKOV, Appellant.

L. G. Hitchcock for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

VAN DYKE, J.—Appellant Skov was charged with the violation of section 1273 of the Agricultural Code, a misdemeanor, in that he acted as a dealer in poultry products

without first obtaining a license as required. The information contained three counts, all charging violation of the same section, but having to do with separate transactions. Trial was had before the court without a jury and appellant was found guilty on two counts and not guilty on one.

It appears without conflict that appellant was licensed as a dealer under the code from May 1, 1948, to April 30, 1949, and that he was not licensed after the latter date.

The information alleged that on May 19, 1949, and again on June 1, 1949, appellant acted as a dealer without having a license. Although admitting that on those dates he did not have a license, appellant contends that his convictions must each be reversed for the following reasons: That during the period of his license he entered into a binding contract for the purchase of turkey poults; that under the law of sales title to the poults passed to him when the contract was made; that he did nothing on the dates on which he is charged with having acted as a dealer without a license, save only to accept delivery of the poults; that these acts of delivery and acceptance of property lawfully purchased during the license period did not constitute acting as a dealer and that therefore the evidence is insufficient to support the convictions.

Under the facts shown by the record, we find it unnecessary to decide whether appellant's contention that taking delivery of the poults after the expiration of the license period did not constitute a violation of the code could be sustained because the premise upon which it is based, that is, the assertion that he purchased the poults during the license period is itself the subject of conflicting testimony which the trial court resolved against appellant.

The charges contained in the counts under which appellant was found guilty rest upon certain transactions had between appellant and one John Medica, a turkey farmer in Santa Rosa. During the license period appellant had a number of transactions with Medica concerning the purchase of turkey poults. And in April of 1949 Medica did sell and deliver to appellant two lots of poults which were paid for. The negotiations leading up to these sales were generally to the effect that Medica would sell for appellant from time to time such poults as he did not need to use in filling prior orders. But Medica's testimony supports the conclusion drawn by the trial court, that these negotiations did not amount to an agreement to sell any specified number and that no sale or agreement for the sale was consummated except

as surplus poults were produced by Medica and sold and delivered to appellant. Medica further testified that in May, 1949, and after appellant's license had expired, appellant ordered from him 3,500 poults, made a down payment of $200, obtained a receipt showing the deposit and reciting the essentials of the agreement of sale and that two deliveries of poults were made under the agreement so entered into. From the evidence the court could conclude and did conclude that it was by these dealings that appellant acted as a dealer without license as charged in the information. The testimony of appellant contradicted that of Medica as above outlined and was generally to the effect that the agreement for the sale and future delivery of these poults was made during the license period, but such testimony raised no more than an issue of fact which the trial court resolved against him. Under the familiar rule we must accept the trial court's implied finding as to this factual matter. Resolving conflicts in the evidence in favor of the judgment, as we must, we hold that the evidence sustains the implied findings that the contracts, the making of which constituted the alleged violations of the code, were negotiated during the unlicensed period, and such being the state of the record the judgments of guilty find support.

Appellant further contends that the offenses charged were not sufficiently identified as misdemeanors because the charging part of the information states that appellant "did wilfully, unlawfully and *feloniously*" act as a dealer in poultry products without a license. The contention is without merit. The information states that appellant is accused of violating section 1273 of the Agricultural Code, which section declares that the offense of acting without a license is a misdemeanor. No other offenses are charged in the information. It follows that the use of the word "feloniously" was mere surplusage. Appellant does not contend that he was confused or in anywise prejudiced by the use of the word or that the nature of the offense which he was charged with having committed was not clear to him on the face of the information.

The judgment appealed from is affirmed.

Adams, P. J., and Schottky, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 1, 1951.